## Meyer License

*Joseph A. Zane,* for appellant.

*Frederick H. Hobbs,* for Secretary of Revenue.

CURRAN, P. J., October 14, 1963.—Defendant was convicted in the State of Delaware in April, 1962, on a charge of driving while under the influence of alcohol. On April 7, 1962, defendant's right to operate a motor vehicle in the State of Delaware was revoked for a period of one year from that date.

On February 6, 1963, the Secretary of Revenue, Department of Motor Vehicles, Commonwealth of Pennsylvania, notified defendant that his operating privileges in the State of Pennsylvania were being suspended, effective February 13, 1963, for a period of six months.

Defendant relies on the Act of April 28, 1961, P. L. 108, sec. 1, as amended, 75 PS §618(e), which provides as follows:

"The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator; but, if the operator's privileges of such person have been suspended in the other state, then such suspension shall be for the same period of time as that provided in the suspension by the other state, and no part of the suspension ordered by the secretary shall be served after the expiration of the suspension imposed by the other state."

It, therefore, appears, from a reading of the statute, that the six-month suspension imposed by the Secretary of Revenue of Pennsylvania was invalid and improper, as covering a period of time in excess of that suspension imposed by the State of Delaware.

The Commonwealth urges that the Act of April 28, 1961, supra, applies only to suspensions and not revocations. While the certificate of the Delaware official designates the action taken in that State as a revocation, yet he further indicates that the revocation is for a period of one year from April 7, 1962, which is tantamount to a suspension for one year, thus placing the

action within the purview of the Act of April 28, 1961, supra.

The appeal is sustained without prejudice to the Secretary of Revenue to take any further action it may deem necessary.

And now, October 14, 1963, the appeal is sustained.

And now, October 14, 1963, upon motion of counsel for the Commonwealth, an exception is noted.